DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, included in its Answer, filed February 18, 2011, stating that Plaintiff's Complaint should be dismissed because it was filed "outside the 90 day filing deadline as prescribed in ORS 305.275 and ORS 305.280." (Def's Answer at 2.) Plaintiff filed its "Response to Defendant's Motion to Dismiss and Request for Oral Argument" (Response) on May 2, 2011. Plaintiff's Response included affidavits from Plaintiff's representative W. Scott Phinney (Phinney), Attorney at Law, and Blythe Berselli (Berselli), President of Evergreen Vintage Aircraft, Inc. and member of both Boards of Directors for the Michael King Smith Foundation and the Captain Michael King Smith Evergreen Educational Institute. (Aff of Berselli at 1.) Defendant filed its "Response to Plaintiff's Response Dated April 29, 2011", (Reply) on May 13, 2011.
At Plaintiff's' request, oral argument was held May 24, 2011. Phinney appeared in person. Brian A. Linke, Commercial/Industrial Appraiser, Yamhill County Assessment and Taxation, appeared by telephone.
The parties agree that Defendant provided a copy of a letter dated August 2, 2010, notifying the Michael King Smith Foundation that Account 169070 was approved for property tax exemption. (Ptfs' Resp, Ex A.) The notification was addressed to The Michael King Smith *Page 2 
Foundation c/o Scott Phinney, P.O. Box 1708, Lake Oswego, OR 97035. The same address appeared on Plaintiff's application for real and/or personal property tax exemption filed October 15, 2009. (Id.; Def's Reply at 2, 7.) Defendant states that the letter dated August 2, 2010, was "sent via US Mail * * * [and] was not returned as undeliverable." (Def's Answer at 2.) Berselli stated that the "notice from Yamhill County dated August 2, 2010 [,] * * * was never received by the Michael King Smith Foundation or the Captain Michael King Smith Evergreen Educational Institute nor was it received by Evergreen Vintage Aircraft, Inc." (Aff of Berselli at 1.) Berselli stated that "[t]he notice was not sent to the correct address." (Id.) Further, Berselli stated that:
 "The only notice that Yamhill County had taken any action to affect the exemption status of the account was the tax statement received by The Michael King Smith Foundation after October 15, 2010 showing an incorrect exemption percentage for the structures on the property."
(Id. at 1-2.)
The parties agree that Plaintiff is appealing from an act of Defendant, the county assessor, and Plaintiff has no other statutory right of appeal. ORS 305.275(1)(a)(C), (1)(b), and (1)(c).[1]
Plaintiff alleges that its Complaint was timely filed because its Complaint was "filed within 90 days of receipt of the 2010-11 [property] tax statement." (Ptf's Resp at 3.) That property tax statement showed a change in the exemption of the subject property. The property tax statement was the first knowledge that Plaintiff had of "the actions taken by [D]efendant." (Id.) Plaintiff submitted no evidence as to when the 2010-11 property tax statement was received by Plaintiff.
ORS 305.280(1) provides that "[e]xcept as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or *Page 3 
determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." Plaintiff states that its "complaint was filed within 90 days of the actual knowledge of the actions of [D]efendant as provided by ORS 305.280." (Ptf's Resp at 4.) Berselli states that the "tax statement [was] received by the Michael King Smith Foundation after October 15, 2010, showing an incorrect exemption percentage for the structures on the property." (Aff of Berselli at 1-2.)
Plaintiff's Response included an affidavit from Plaintiff's representative, Phinney. In that affidavit, Phinney states:
 "The only notice that Yamhill County had taken any action to affect the exemption status of the account was the tax statement received by The Michael King Smith Foundation after October 15, 2010 showing an incorrect exemption percentage for the structures on the property. A copy of that statement is attached at Exhibit B."
(Aff of Phinney at 1.) Plaintiff admits that the property tax statement provided Plaintiff with actual knowledge that Defendant had taken some action. Plaintiff submitted no evidence stating when Plaintiff received the property tax statement. The copy of the submitted property tax statement does not have a date received stamped on it. (Ptf's Resp, Ex B.) The actual date Plaintiff received the property tax statement is a critical fact. The date of receipt of the property tax statement marks the date Plaintiff admits having actual knowledge and starts the 90 day period for filing an appeal. The court does not know if Plaintiff's Complaint was filed within *Page 4 
90 days[2] of the receipt of the property tax statement. Plaintiff has the burden of proof and has not met the statutory requirements. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A. Tanneron June 21, 2011. The Court filed and entered this documenton June 21, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] Plaintiff's Complaint was postmarked January 19, 2011. From November 1, 2010, to the postmark date is 80 days. The number of days Plaintiff received the property tax statement before the end of October must be added to 80 days in order to determine if Plaintiff has met the statutory filing requirement. The date the property tax statement was received was not stated in the affidavits of Berselli or Phinney.
 *Page 1